## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**TIMOTHY HALLORAN,**

        **Plaintiff,**

                                      **Civil Action No._____**

**v.**                                     **(formerly Kanawha County, WV**
                                           **Civil Action No. 14-C-1658)**

**WAL-MART STORES, INC., a foreign corporation,**
**d/b/a SAM'S CLUB;**
**ICON HEALTH AND FITNESS, INC., a foreign corporation;**
**JOHN DOE #1, an individual; and**
**JOHN DOE #2, an individual; and**
**JOHN DOE INC., a foreign corporation,**

        **Defendants.**

### ANSWER OF DEFENDANTS
### WAL-MART STORES, INC. AND ICON HEALTH AND FITNESS, INC.
### TO PLAINTIFF'S COMPLAINT

#### First Defense

      The Complaint, in its entirety, fails to state a claim against these defendants upon which relief can be granted.

#### Second Defense

      Plaintiff's claims are barred by the doctrine of estoppel and/or comparative negligence for the reason that plaintiff's own conduct was the proximate cause of any damage of which he complains.

#### Third Defense

      The wrongful conduct, if any, was that of another party, individual, or entity to

{R0952462.1}

this action or not named in this action and not the wrongful conduct of these defendants.

## Fourth Defense

To the extent that plaintiff's damages and injuries, if any, were proximately caused by any act or omission, such act or omission was not that of these defendants but, rather, were those of a third party over whom these defendants exercised no control and for whom control was not the responsibility of these defendants.

## Fifth Defense

In the alternative, the plaintiff has failed to join a party or parties herein without whom complete relief cannot be accorded.

## Sixth Defense

Plaintiff have failed to mitigate his damages, if any.  To the extent there has been a failure to mitigate damages, any recovery must be reduced accordingly.

## Seventh Defense

The allegations in the Complaint against these defendants asserting wrongful conduct fail to assert with requisite specificity the facts supporting such claims.

## Eighth Defense

These defendants, at all times material to the plaintiff's Complaint, took those actions which might reasonably have been expected of a person of ordinary prudence who desired to comply with the law.

## Ninth Defense

These defendants are entitled to a dollar for dollar credit for any settlements paid prior to judgment, as offset against any adverse verdict returned against them.

## Tenth Defense

These defendants hereby preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserve the right to raise such additional defenses as may become apparent following the further discovery and factual development of this case.

## Eleventh Defense

These defendants assert the affirmative defenses, including but not limited to as discovery reveals appropriate, comparative negligence, contributory negligence, accord and satisfaction, assumption of the risk, discharge, estoppel, fraud, waiver, and all other defenses which may be applicable and are required to be affirmatively pled under Rule 8(c) of the Federal Rules of Civil Procedure.

## Twelfth Defense

These defendants reserve unto themselves the right to assert such claims, whether it be counterclaims, cross claims, third party claims or otherwise, including but not limited to spoliation of evidence, if a sufficient factual basis is developed through continuing investigation and discovery.

**Thirteenth Defense**

These defendants have, at all times, acted within their legal rights in the conduct of all of their activities and with just cause.

**Fourteenth Defense**

These defendants have, at all times, acted in good faith with reasonable grounds that any acts or omissions were not violations of any applicable federal, state, or local law.

**Fifteenth Defense**

The plaintiffs' claims are, in whole or in part, barred by the applicable statute of limitations and/or the doctrine of laches.

**Sixteenth Defense**

These defendants have not willfully, knowingly, or with reckless disregard violated any applicable federal, state, or local law.

**Seventeenth Defense**

To the extent that the Complaint seeks or alleges that the plaintiff is entitled to recover punitive or exemplary damages from Sam's Club and/or Icon, Sam's Club and Icon assert the following defenses:

1.     Plaintiff's claims for punitive damages violate, and are, therefore, barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds, including the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against these

civil defendants upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable limit on the amount of award against these defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     Procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(g)     The award of punitive damages to the  plaintiffs in this action would constitute a deprivation of property without due process of law; and

(h)     The procedures, pursuant to which punitive damages are awarded, constitute the imposition of an excessive fine and penalty.

2.     Plaintiff's claims for punitive damages violate, and are, therefore, barred by, the provisions of the Constitution of the State of West Virginia, including, but not limited to, Article III, Sections 4, 5, 6, and 10, on grounds, including the following:

(a)     It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil

defendant upon plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures, pursuant to which punitive damages are awarded, fail to provide a limit on the amount of the award against these defendants;

(c)     The procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of award of punitive damages;

(d)     The procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

(e)     The procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(f)     An award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law; and

(g)     The procedures, pursuant to which punitive damages are awarded, would permit the imposition of an excessive fine and penalty.

## Eighteenth Defense

Any claims for punitive damages against Sam's Club and Icon are barred, in that Sam's Club and Icon committed no intentional, reckless, or malicious act for which punitive damages may be awarded.

## Nineteenth Defense

1.     Upon information and belief, these defendants admit the allegations contained in paragraph 1 of the Complaint.

2.     Upon information and belief, these defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      These defendants admit that Icon is a foreign corporation with its

principal headquarters in Utah.  These defendants are without sufficient information to form a belief as to the truth of the remainder of the allegations contained in paragraph 3 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

4.      These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

5.      These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

6.      These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

7.      In answer to paragraph 7 of the Complaint, these defendants assert the paragraph states legal conclusions rather than factual allegations and, accordingly, neither admit nor deny the same.  To the extent that factual allegations are contained therein, these defendants deny the same and demand strict proof thereof.

8.      These defendants incorporate by reference their answers to paragraphs 1-7 of the Complaint as if fully set forth herein.

9.      These defendants deny the allegations contained in paragraph 9 of the

Complaint and demand strict proof thereof.

10.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

11.     These defendants deny the allegations contained in paragraph 11 of the Complaint and demand strict proof thereof.

12.     These defendants deny the allegations contained in paragraph 12 of the Complaint and demand strict proof thereof.

13.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

14.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

15.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

16.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph,

these defendants deny the same and demand strict proof thereof.

17.     These defendants deny the allegations contained in paragraph 17 of the Complaint and demand strict proof thereof.

18.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

19.     These defendants incorporate by reference their answers to paragraphs 1-18 of the Complaint as if fully set forth herein.

20.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

21.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint as they relate to the John Doe defendants.  These defendants deny the remainder of the allegations contained in paragraph 21 of the Complaint.

22.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint as they relate to the John Doe defendants.  These defendants deny the remainder of the allegation contained in paragraph 22 of the Complaint and demand strict proof thereof.

23.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint as they relate to the John Doe defendants.  These defendants deny the remainder of the allegation contained in paragraph

23 of the Complaint and demand strict proof thereof.

24.     These defendants deny the allegations contained in paragraph 24 of the Complaint and demand strict proof thereof.

25.     These defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.  To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

26.     These defendants deny the allegations contained in paragraph 26 of the Complaint and demand strict proof thereof.

27.     In answer to paragraph 27 of the Complaint, these defendants assert the paragraph states legal conclusions rather than factual allegations and, accordingly, neither admit nor deny the same.  To the extent that factual allegations are contained therein, these defendants deny the same and demand strict proof thereof.

28.     These defendants deny the allegations contained in paragraph 28 of the Complaint and demand strict proof thereof.

29.     In answer to paragraph 29 of the Complaint, these defendants assert the paragraph states legal conclusions rather than factual allegations and, accordingly, neither admit nor deny the same.  To the extent that factual allegations are contained therein, these defendants deny the same and demand strict proof thereof.

30.     In answer to paragraph 30 of the Complaint, these defendants assert the paragraph states legal conclusions rather than factual allegations and, accordingly, neither admit nor deny the same.  To the extent that factual allegations are contained therein, these defendants deny the same and demand strict proof thereof.

31.     These defendants are without sufficient information to form a belief as to

the truth of the allegations contained in paragraph 31 of the Complaint. To the extent this Court determines that these defendants must admit or deny the allegations contained in this paragraph, these defendants deny the same and demand strict proof thereof.

32.     These defendants deny the allegations contained in paragraph 32 of the Complaint and demand strict proof thereof.

33.     These defendants deny the allegations contained in paragraph 33 of the Complaint and demand strict proof thereof.

34.     These defendants deny the allegations contained in paragraph 34 of the Complaint and demand strict proof thereof.

35.     These defendants deny the allegations contained in paragraph 35 of the Complaint and demand strict proof thereof.

Except for the allegations of the Complaint specifically admitted herein, these defendants deny each and every allegation contained in said Complaint and demand strict proof thereof.

**WHEREFORE**, defendants Wal-Mart Stores, Inc. d/b/a Sam's Club and Icon Health and Fitness, Inc. demand that this action be dismissed with prejudice and that they be awarded their costs in this behalf expended, including reasonable attorney's fees, and such other relief as this Court deems appropriate.

**THESE DEFENDANTS DEMAND TRIAL BY JURY.**

**ROBINSON & McELWEE PLLC**

/s/Marsha W. Kauffman
**Marsha W. Kauffman (WV 6979)**
**Brian E. Calabrese (WV 12028)**
**Post Office Box 1791**
**Charleston, West Virginia 25326**
**(304) 344-5800**

Attorneys for Defendants Wal-Mart Stores, Inc.
d/b/a Sam's Club and Icon Health and Fitness, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

**TIMOTHY HALLORAN,**

      **Plaintiff,**

**v.**                                      **Civil Action No.:_____**
                                              **(formerly Kanawha County, WV**
                                              **Civil Action No. 14-C-1658)**

**WAL-MART STORES, INC., a foreign corporation,**
**d/b/a SAM'S CLUB;**
**ICON HEALTH & FITNESS, INC., a foreign corporation;**
**JOHN DOE #1, an individual; and**
**JOHN DOE #2, an individual; and**
**JOE DOE INC., a foreign corporation,**

      **Defendants.**

**CERTIFICATE OF SERVICE**

      I, Marsha W. Kauffman, counsel for defendant Wal-Mart Stores, Inc. d/b/a Sam's Club and ICON Health & Fitness, Inc. do hereby certify that on this 17th day of October, 2014, I served true copies of the foregoing **Answer** to counsel for the plaintiff by U.S. Mail, postage pre-paid, in envelopes addressed as follows:

               William C. Forbes, Esquire
               W. Jesse Forbes, Esquire
               Forbes Law Offices, PLLC
               1118 Kanawha Boulevard E
               Charleston, WV  25301
                     *Counsel for Plaintiff*

               */s/Marsha W. Kauffman*_____
               Marsha W. Kauffman (WV Bar No. 6979)