IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY HALLORAN,

                        Plaintiff,

v.                                                                   CIVIL ACTION NO. 2:14-cv-27004

WAL-MART STORES, INC., et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion for Leave to Amend Complaint to Identify and/or Join Indispensable Defendants ("Motion to Amend") and Plaintiff's Motion to Remand to State Circuit Court ("Motion to Remand"). For the reasons set forth below, the Court **GRANTS** both motions.

*I. Background*

On September 8, 2014, Plaintiff filed the instant action in the Circuit Court of Kanawha County, West Virginia. Plaintiff's Complaint alleges state-law claims against five individuals and entities: (1) Wal-Mart Stores, Inc., d/b/a Sam's Club ("Sam's Club"), a foreign corporation; (2) ICON Health & Fitness, Inc. ("ICON"), a foreign corporation; (3) John Doe Inc., a foreign corporation; and (4) two John Doe individuals. (Notice of Removal, Ex. B (Complaint) ¶¶ 2–6.) The Complaint provides the same generic descriptive language for the John Doe individuals, including that both are residents of West Virginia. (*Id.* ¶¶ 5–6.)

On October 17, 2014, Defendants Sam's Club and ICON removed this action on the grounds that "this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the matter in controversy is between citizens of different states." (Notice of Removal ¶ 1.) Defendants assert in their Notice of Removal that the Court has diversity jurisdiction over this action because Sam's Club and ICON are the only named defendants and both are incorporated and have their principal places of business in states other than West Virginia. (*See id.* ¶¶ 1, 6–7.)[1]

On November 14, 2014, Plaintiff filed the Motion to Amend seeking to join two defendants who Plaintiff states he identified following the removal of this action. (Mot. to Amend at 1.) The two individuals Plaintiff seeks to join are (1) "John Doe #1," who Plaintiff "identified as Bryan Flowers, a resident of St. Albans, West Virginia," and (2) "a supervisory employee in the form of the Store Manager of Sam's Club [who] has been identified as Joel Myers, also believed to be a resident of the State of West Virginia." (*Id.* ¶ 5.) On the same day, Plaintiff also filed the Motion to Remand, arguing that joinder of Mr. Flowers and Mr. Myers destroys complete diversity and, as such, the Court lacks subject matter jurisdiction over this case. (Mot. to Remand ¶¶ 4–8.)

Defendants did not file a response to either the Motion to Amend or the Motion to Remand. However, on December 18, 2014, the parties filed a joint proposed order stating "the parties have agreed to remand the above matter to the Circuit Court of Kanawha County, West Virginia, in light of the Plaintiff's Motion to Amend to assert claims against two individuals both of which are West Virginia residents" and moving "the Court to remand this case" to that Circuit Court. (Agreed Order Remanding Case to State Court at 1.)

---

[1] Defendants state that "[a]t all times relevant hereto, Sam's Club was a Delaware corporation with its principal place of business in Arkansas" and "ICON was a Delaware corporation with its principal place of business in Utah." (Notice of Removal ¶¶ 6–7.)

## *II. Discussion*

Any civil action brought in state court may be removed if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Article III of the United States Constitution provides, in pertinent part, that "the judicial Power shall extend to . . . Controversies . . . between Citizens of different States." Congress first authorized the federal courts to exercise diversity jurisdiction in the Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78. In its current form, the diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332(a)(1). Since its enactment, the Supreme Court of the United States has interpreted the statute to require "complete diversity" of citizenship. *See Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

Plaintiff seeks to amend his complaint following removal to join two individuals who are residents of the State of West Virginia. The joinder of these individuals would destroy the complete diversity of the parties—the sole stated basis for this Court's subject matter jurisdiction over this case.[2]

In this situation, "the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999) (quoting 28 U.S.C. § 1447(e)). When conducting an analysis under 28

---

[2] Defendants allege—and Plaintiff does not refute—that the amount in controversy exceeds the $75,000 requirement in 28 U.S.C. § 1332(a). (*See* Notice of Removal ¶ 8 (noting Defendants' allegations that the amount in controversy exceeds $75,000)); *see also* 28 U.S.C. § 1332(a) (providing the current $75,000 amount-in-controversy requirement for diversity subject-matter jurisdiction).

3

U.S.C. § 1447(e), the Court is "entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id.* at 462 (citing *Gum v. Gen. Electric Co.*, 5 F. Supp. 2d 412, 414 (S.D. W. Va. 1998)). "The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.* at 463 (citing *Gum*, 5 F. Supp. 2d at 414).

All relevant factors favor permitting joinder of the nondiverse parties in the instant case. Plaintiff asserts that he did not identify the nondiverse parties until after Defendants removed this case. (Mot. to Amend at 1.) The record does not indicate any dilatory tactics on the part of Plaintiff in seeking to amend his Complaint once he discovered the identities of the Mr. Flowers and Mr. Myers.

Additionally, Plaintiff may suffer a significant injury if the Court does not grant the amendment. Plaintiff sued Defendants in state court and potentially could add Mr. Flowers and Mr. Myers in that forum. If the Court denies Plaintiff's Motion to Amend, however, Plaintiff would be forced to proceed against the other defendants without any claims against Mr. Flowers or Mr. Myers—individuals who Plaintiff asserts are indispensable defendants in this case. (*Id.* ¶ 5.) Plaintiff thus faces a possible significant injury if the Court denies his Motion to Amend. *See Blair v. Parkstone Energy, LLC*, Civil Action No. 2:07-cv-00808, 2008 WL 681682, at *2 (S.D. W. Va. Mar. 10, 2008).

Finally, the Court notes that Defendants did not file an objection to the Motion to Amend, but instead submitted a joint proposed agreed order to remand this case "in light of the Plaintiff's Motion to Amend to assert claims against two individuals both of which are West Virginia

residents." (Agreed Order Remanding Case to State Court at 1.) In light of these facts, the Court finds that the equities clearly favor granting the Motion to Amend. As such, the Motion to Amend is **GRANTED**.

The joinder of Mr. Flowers and Mr. Myers destroys the complete diversity of the parties and, with it, the sole stated basis for this Court's subject matter jurisdiction in this case. Under 28 U.S.C. § 1447(e), the Court is "not allowed to retain jurisdiction" following the joinder of Mr. Flowers and Mr. Myers. *Mayes*, 198 F.3d at 462. Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

### III. Conclusion

For the reasons stated above, the Motion to Amend and the Motion to Remand are **GRANTED**. The Court **REMANDS** this case to the Circuit Court of Kanawha County for further proceedings.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Kanawha County.

ENTER: January 20, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE